IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRANDON MOYE**, | Case No. 3:14-cv-01850-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff, Brandon Moye, *pro se*, maintains this action against Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration. Before the Court is the Commissioner's Motion to Dismiss. Dkt. 15. For the reasons that follow, the Commissioner's motion is granted.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual

PAGE 1 – OPINION AND ORDER

allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d

1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Here, the Commissioner contends that dismissal is required because Plaintiff failed to file his complaint within the 60-day statute of limitations under by 42 U.S.C. § 405(g). Although the statute of limitations defense is usually raised in an answer, it may be raised in a motion to dismiss "only when the running of the statute is apparent from the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal citations and quotation marks omitted). In order to dismiss a claim as untimely on a Rule 12(b)(6) motion, it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207.

## BACKGROUND

On May 31, 2013, an administrative law judge ("ALJ") issued a decision unfavorable to Plaintiff on Plaintiff's claim for benefits under Title II of the Social Security Act. On September 2, 2014, the Appeals Council sent, by mail addressed to Plaintiff's Portland, Oregon address, notice of its action on Plaintiff's request for review and of Plaintiff's right to commence a civil action within

PAGE 3 – OPINION AND ORDER

60 days from the date of receipt. On November 19, 2014, Plaintiff filed his Complaint in this matter, alleging that the Commissioner improperly denied him benefits before he was able to present new evidence of his alleged disabilities. Dkt. 2.

## DISCUSSION

The Court's review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which state in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter. 42 U.S.C. § 405(g).

Thus, Section 405(g) and (h) operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Because the time limit set forth in section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see, e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day); *Small v. Colvin*, 2015 WL 237115, at *2 (E.D. Cal. Jan. 16, 2015) (dismissing complaint filed ten days late); *Atherton v. Colvin*, 2014 WL 580167 at *4 (N.D. Cal. Feb.12, 2014) (dismissing complaint filed four days late); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002) (granting motion to dismiss complaint filed one day late because "60-day limit is a waiver of sovereign immunity

PAGE 4 – OPINION AND ORDER

which must be strictly construed"). "The limitations to final decisions and to a sixty day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims." *Anderson v. Astrue*, 2008 WL 4506606 *3 (E.D. Cal. Oct.7, 2008).

Further, by regulation, the Commissioner presumes a claimant receives notice five days after the date of mailing. 20 C.F.R. §§ 404.901, 422.210(c). Therefore, to be considered timely, Plaintiff needed to commence this action on or before November 6, 2014, after allowing five days for mailing. Plaintiff also did not attempt to rebut the Commissioner's presumption of receipt five days after mailing. Plaintiff commenced this civil action by filing his Complaint on November 19, 2014. *See* Dkt. 2. Accordingly, the Commissioner argues that Plaintiff's Complaint must be dismissed because it was filed 13 days late.

Plaintiff's response to the Commissioner's Motion to Dismiss does not contest this argument. Instead, most of Plaintiff's response involves allegations of a racially motivated hate-crime against Plaintiff in 2010 by employees of Esco Corporation, a Portland, Oregon-based manufacturing company, and various injuries he claims to have suffered as a result of this alleged crime. Because Plaintiff has provided the Court with no explanation for his failure timely to comply with the requirements 42 U.S.C. § 405(g), Plaintiff's Complaint must be dismissed.

## CONCLUSION

The Commissioner's Motion to Dismiss (Dkt. 15) is GRANTED and this case is DISMISSED with prejudice.

**IT IS SO ORDERED**.

DATED this 24th day of July, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 5 – OPINION AND ORDER